Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Lisa C. Cartier Giroux
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No.: 2:25-CR-00024-RLP |
| v. | Motion for Detention |
| JORGE SANCHEZ VERA (a/k/a "Jorge Vera Sanchez," "Jorge Sanchez," "George Sanchez") | |
| Defendant. | |

The United States moves for pretrial detention of the above-named Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility of Case</u>.  This case is eligible for a detention order because the case involves:

    ☒ A serious risk the Defendant will flee; and

    ☒ A serious risk the Defendant will obstruct or attempt to obstruct justice.

A detention hearing is appropriate under 18 U.S.C. § 3142(f) if the Government presents "some evidence" of one of the enumerated factors. While

Motion for Detention- 1

opinions analyzing § 3142(f)(2) have generally applied a preponderance of the evidence standard, *see, e.g.*, *United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779 (W.D. Wash. 2019), neither Ninth Circuit precedent nor the statute compel this result. Holding the Government to a preponderance of the evidence standard to demonstrate both a "serious risk of flight" under § 3142(f)(2) and whether "no condition or combination of conditions will reasonably assure the appearance of the person as required" under § 3142(e) collapses the analysis into one – if the Government can demonstrate that a defendant poses a "serious risk of flight" by a preponderance of the evidence, the Government necessarily has demonstrated that no conditions will reasonably assure the defendant's appearance by the same standard. As such an outcome would render the distinction between § 3142(f)(2) and § 3142(e) meaningless, it follows that a lower evidentiary standard should apply to the threshold question of whether a detention hearing is appropriate under § 3142(f)(2).

In *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015), the court found the following factors, among others not pertinent here, relevant to determine whether the defendant posed a risk of flight: "his multiple unlawful entries into the United States," "his use and possession of fraudulent identity documents," and "the severity of the potential punishment and the weight of the evidence against him." *See id.* at 1092. A subsequent case – *United States v. Diaz-Hernandez*, 943 F.3d 1196 (9th Cir. 2019) – boiled *Santos-Flores* down to "[w]e noted that defendant

Motion for Detention- 2

had multiple unlawful reentries, was facing a significant prison sentence, and that the weight of the evidence was heavy against him." *See Diaz-Hernandez*, 943 F.3d at 1199 (citing *Santos-Flores*, 794 F.3d at 1092). The Government intends to proffer that the Defendant has three prior removals from the United States, implying that his current presence in the United States represents that the Defendant has unlawfully entered or attempted to enter the United States on at least four occasions. The Government also highlights that the Defendant has one prior conviction for violating 8 U.S.C. § 1326 in the Southern District of California in Case No. 3:22CR02447 and recent prior felony convictions involving the use and possession of firearms in the state of California. It also appears that the Defendant violated the terms of his supervised release in in the federal case by his unlawful presence in the United States on or about January 2, 2025, and for having been convicted of two counts of Harassment (Threaten to Kill)/Bodily Injury on or about February 26, 2025 in Chelan County Superior Court, WA in Case No. 25-1-00002-04.

      The Government intends to proffer that the current charge carries a maximum penalty of ten years imprisonment which, in light of the strength of the evidence and the Defendant's heightened sentencing guideline range as a recidivist violator of § 1326, as well as the potential penalty for the supervised release violation to be run consecutively to any sentence in the new matter, increases the incentive for the Defendant to flee if released.

Motion for Detention- 3

As the above factors are relevant to whether the Defendant poses a voluntary flight risk, *see Santos-Flores*, 794 F.3d at 1092, the Government requests that the Court hold a detention hearing under 18 U.S.C. § 3142(f)(2)(A). *See United States v. Salgado*, No. 20-53JJM, 2020 WL 4747931, at *5 (D.R.I. Aug. 17, 2020). Also pertinent to the serious risk of flight is SANCHEZ VERA's returning to the United States so quickly after his prior removals in defiance of the order and reinstatement of the order of the immigration judge. The Defendant's quick returns after his removals, his commission of multiple felony offenses while present unlawfully in the United States, as well as unlawfully reentering the United States after being convicted for felony unlawful reentry in 2020 together provide "further evidence establishing that there is a serious risk that SANCHEZ VERA will not comply with court-ordered requirements to appear." *See id.*; *see also United States v. Aleman-Duarte*, No. 3:19-CR-149-PLR-DCP, 2020 WL 236870, at *4 (E.D. Tenn. Jan. 15, 2020) (noting that "the Court finds the Defendant's return to this country, despite his prior removal, indicates a disregard for the immigration court's removal order and suggests that he would not abide by the requirement that he appear for proceedings in this Court"); *United States v. Miramontes-Maldonado*, No. 1:19-CR-00060-BLW, 2019 WL 1560875, at *2 n.1 (D. Id. April 9, 2019) (noting the court's typical conclusion that "defendants facing charges related to illegal immigration pose an inherent flight risk because of the likelihood that they will be deported following the conclusion of the criminal proceeding" as "there was every

Motion for Detention- 4

incentive for a defendant to avoid prosecution by fleeing the jurisdiction and either returning to their home country or reverting to a life-style of living beneath the radar as an illegal alien"). Further, as the above factors are relevant to whether the Defendant poses a risk of obstructing justice through his potential non-appearance at future hearings, the Government requests that the Court hold a detention hearing under § 3142(f)(2)(B).

2. <u>Reason for Detention</u>. The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure:

☒ The Defendant's appearance as required; or

☒ The safety of any other person and the community.

3. <u>Time for Detention Hearing</u>. The United States requests the Court conduct the detention hearing:

☒ At the first appearance, or

☐ After a continuance of three days.

Dated: March 24, 2025.

Richard R. Barker
Acting United States Attorney

*s/ Lisa C. Cartier Giroux*
Lisa C. Cartier Giroux
Assistant United States Attorney

Motion for Detention- 5

# CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generates a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

s/ Lisa C. Cartier Giroux
Lisa C. Cartier Giroux
Assistant United States Attorney

Motion for Detention- 6